Okay, we call our next case Montemuro v. Jim Thorpe Area School District. Good morning, your honors. May it please the court. I'm Mike Levin, and I represent the individual school board defendants in this case. As the court is aware, the issue is whether they are entitled to qualified immunity. This is a backup. What in the world happened between the 4th and the 11th? The guy's there, and then all of a sudden, a week later, he ain't there. One of the members of the board decided to switch their vote. The one who then was elected president. Correct. The one who switched his vote then became president. Let me just ask, did you want to reserve any time, sir? Yes, I'd like to reserve three minutes for possible rebuttal. The court has dealt many times with the issue of qualified immunity. Why wasn't his property interest not clearly established after the Berger decision? Well, there's several reasons why it wasn't. Three in particular. And yesterday when I was doing legal research, I found two Supreme Court cases, which for some reason we were unable to locate before yesterday, but which hold that political office is not a property right. It's more in the nature of a public privilege. And those two cases are Taylor versus Beckman. When you discover a last minute authority, you're supposed to email opposing counsel in the court immediately. I did email opposing counsel. I looked in the local rules and didn't see. Just file a 28-J letter. Sure. Taylor versus Beckman, 178 U.S., 548, 1900. It was cited with approval again in Butler versus, excuse me, Snowden versus Hughes, 321 U.S. 1, 1944. All before the modern due process revolution and the notion of how we understand these rights. And the rights are ultimately going to piggyback on how state law defines them and understands them. And so we got Buell, we got Berger. Berger's more recent, right? Buell says this is an appointed office, correct? Correct. And then Berger says if it's an appointed office, then you have these removal prerequisites, correct? No, I don't think Berger is that broad. Okay, how do you read page 1162 then? I'm not sure what's on that particular page. It's the page we directed you to in the focus note for this. The Berger case talked a lot about how the General Assembly spent a lot of time creating the terms and conditions for the office of superintendent. And that is totally missing from Buell. Buell involves a public office, secretary and treasurer of school board, who are not employees, who are not paid. And Buell ruled that they could be summarily removed. Superintendent has contract. Superintendent is subject to the school code provisions requiring appointment, et cetera. And the Pennsylvania Supreme Court in that case, and also some later cases dealing with the interpretation of Article VI, Section 7 of the Pennsylvania Constitution, says it's a matter of reviewing the General Assembly's intention as to whether the summary removal provision of the Constitution applies or not. Is salary? I don't think it's wholly salary. In fact, based upon the Supreme Court decisions interpreting that case, it's more in the nature of what did the General Assembly do when they created the position and the terms and conditions they put with the position. But if you go to the Berger case, it cited, I think it was only in a footnote, the Buell case. So it was obviously aware of Buell. In fact, Buell was the basis for the McGuffey School District's arguments in that case. They cited Buell. They did not overrule Buell. The dissent, the dissent was entirely premised on Buell dictates this, and the majority rejected that. The Buell argument was made to the Berger court, and the dissent thought Buell would dictate. The majority didn't follow it. So they, you know, Berger is the word on this. They were thinking about it clearly. Well, if we switch to the standards for what establishes clearly established, clearly established right, the issue is whether there is a property right in being an officer of a school board. Yes, that's the question. Appointed civil officers can't be removed except for cause. And are entitled to hearing and notice those things. Correct. So was that clearly established? Based on the two Supreme Court decisions that I cited, that is not a property right. Hold on. How do a couple of Supreme Court cases from the early 20th century refute Pennsylvania, recent Pennsylvania Supreme Court authority about what Pennsylvania law says? Pennsylvania law, according to Berger, says these officers have a, or they seem to say, you can be fired for cause, but it's a for cause standard, and there are rights associated with that. How do Taylor and, what was the other, Snowden? Snowden. Snowden versus Hughes. How do those early 20th century U.S. Supreme Court cases. They all predate Board of Regents versus Roth, Cleveland Board of Education versus Loudermill from 1972 to 1985. If you've got a term of office, states can establish a property right to offices, according to Roth. According to Loudermill, if you've got a term of office and you have for cause removal, that's enough to establish a property right. So then, again, it comes down to Buell and Berger. Well, those cases dealt with public employees, not political offices. The Taylor case and the Snowden case are both political office cases. Is this person an appointed civil officer under the Pennsylvania Constitution, Article VI? In my opinion, yes. Article VI, Section 7. And the second sentence of that specifically says they could be removed by the appointing authority at their pleasure. But 24 Pennsylvania Statute 5-514 establishes a procedure to remove officers. Correct. That's correct. And in Buell, the Supreme Court held that that did not apply because of the Constitution. It was inconsistent with the Constitution when dealing with political officers. It came to a different conclusion when dealing with an employee, the highest-ranking employee, where there's a comprehensive statutory scheme that provides for the appointment and removal, et cetera. So you still, your case depends on Buell? In part. Well, since I found these cases, I don't think it depends on Buell at all, because you have to say they had a property right to be a president of the school board. These Supreme Court cases say you don't have such a property right. Did they say that a state lacks the power to establish a property right? Or just that a state didn't? Because ultimately the question is, if state law established a property right, then the feds protect it. According to these Supreme Court cases, you do not have a property right in a political office. The one case was a Kentucky election case, and it could not be brought under the 14th Amendment. I'll read them, but I'm pretty sure they do not say no state ever establishes a property right in offices. They probably said Kentucky has not established a property right in this office. No, I think they make the broader proposition. We're just hearing about this in the last five minutes. We'll take a look and see. Okay. But why don't you take a moment and talk to us about, because I'm going to ask your colleague there about this. Mr. Montemurro does not mention Section 5514 in the answering brief, and you guys don't bring that up here. The reliance is on Section 444, which is the one that creates the position of president. The Pennsylvania Constitution Article 4, Section 7, and school board policy, those are discussed. 5-514 was argued in the district court. Correct. Right? So here's a puzzling question for me. Having argued it in the district court, but not making it a point of argument here, is it still something we could rely on, or is that a forfeited argument? It's so intertwined with whether there's a property right, assuming that you disagree with my interpretation of those Pennsylvania Supreme Court cases, that the main issue that this court has to determine is whether there's a property right. And 514 certainly is relevant to making that determination. Okay, good. That's all my only question on that. I have no further questions. There's a couple of other issues that I'd like to briefly bring up. The standards for determining whether something is clearly established also require that it be, quote, beyond debate as to whether it's clearly established. The fact that we have two Pennsylvania Supreme Court cases, one dealing with officers of the school board, which say not a property right can be summarily removed, with the other dealing with an employee, I think makes it subject to debate. But you have the later case in this instance, Mr. Levin. And the definition is appointed civil officer. Yeah, and it's over a vigorous dissent. How does that not make it, doesn't that make it clearly established? We know Buell was in the mix. We know they were talking about it. We know they disagreed about it. We know there was a majority opinion. And we know where they came down. Why isn't that definitive? Well, they did not overrule it despite knowing it was there. There's a footnote that distinguishes it and limits it to some unusual things about Buell. I didn't hear that. There's a footnote in Berger. Correct. It deals with Buell. It says the dissent thinks Buell ought to control this case. It doesn't. There, there was some very particular statutory scheme, and we don't think we can generalize from that. Correct. And the last element of clearly established is what cases are to be relied upon for determining whether something's clearly established. And this court has said several times that you rely on U.S. Supreme Court precedent. You rely on precedent from the Third Circuit. And you rely on a robust consensus by the other circuits. Well, and when it comes to state law, we rely on the court of highest jurisdiction in the state. And we've got a Pennsylvania Supreme Court case on point in Berger, don't we? But we also have no U.S. Supreme Court case, no circuit court case, that has held that the offices on a municipal entity are proper. Under federalism, Pennsylvania Supreme Court is interpreting its own law and constitution, correct? Correct. Thank you. Okay. Thank you very much. We'll have you back on rebuttal, and we'll hear for counsel for Diapale. Good morning, Your Honor. Am I saying Mr. Montemurro's name correctly? Montemurro, yes. He is here today. Okay. Yes, you are. Thanks. My name is Bill Vinsco. I represent Mr. Montemurro here today. Can I just ask a question? I said about 514. You relied on it in the district court, but why was it not pretty prominent in your Appellee's brief? Two reasons. The first reason is that I focused on the actions of the General Assembly, which I want to address. But most importantly, Section 4-404, I believe, was the clear intention of the General Assembly that said that the role of president is for one year, shall be for one year. But you don't even cite it. It's not in your table of authorities here. That is correct. Is that a forfeiture? Can you forfeit an argument that you made in the district court when you're the appellee? I don't believe you can, only because the argument is based on what the appellant has raised and what we have defended. But I still believe 5-514 does apply. Then the question becomes, if something is forfeited, can we consider it anyway? I do believe you can. If your opponent is going to submit a 28-J letter with respect to the Supreme Court cases that he found, you may wish to respond and also deal with this supplementally with this 5-514 case. Is it forfeited? And if it is forfeited, can we consider it nonetheless? I will do that. But if I may just, Your Honors, address some of the Supreme Court decisions that were raised today. Because all of them, all of the cases that we received yesterday, all relate to nomination petitions, the change in districts, redistricting, that type of situation. And they were all based on the same premise that we have here. What is the intent of the General Assembly? What is the intent of the legislature in making these determinations? In these Supreme Court cases, there were situations where they were redistricted and everything else. One of them says a state cannot or never does establish a property right in office. That's correct. That is correct. And I do believe that... But you should... I'm sorry. Just to tie a bow on this, since this is coming up at the last minute. We'll ask counsel within the next five days, submit your 28-J letter, Mr. Levin, and tell us, you know, these are the cases and here's why I think they're relevant. You take five days to respond, Mr. Montemurro, and you can take another five days and file a short reply. Please make these letters no more than five single-spaced pages, and then we'll... Since we're... Yeah. I'll leave it at that. Okay. To address some of the issues that the appellant raised in this, the appellant says that the General Assembly intentions apply here. I do believe that that is the case. I do believe it is clearly established that there is a property right for Mr. Montemurro. It says the legislature said in 4-404 that the election of president shall be for one year. Interestingly enough, the own internal procedures of the Jim Thorpe Area School District say the exact same thing. And I think that the Berger case is applicable. And in page 1164, the footnote that is there, I think, and I had highlighted this for purposes of addressing it, that the Buol decision does not address whether there was a specific statute in place protecting the school district treasurers or secretaries as opposed to whether the offices were statutorily created positions. And here, we can't overlook the fact that the General Assembly intended for Mr. Montemurro to be appointed for one year. Notably, in the appellant's brief, they say, well, it was a minimum, or it was a maximum, not a minimum. We believe that if that was the case, the legislature would have spoken clearly. And there was, we believe, the intent, as the appellant had stated, that we didn't want an absurd result. We don't want people between the 4th and the 11th making decisions and changing the role of government, because that's going to create chaos. Well, address the main point that we're hearing from your colleague here, which is this is, in essence, a political office. This is not an employment. You think of property rights, you usually think that somebody's got something of monetary value. They've got a piece of property. They've got real property. They've got a piece of intellectual property. They have an income stream promised to them because they're an employee. Here, Mr. Montemurro, a very public-spirited guy, no doubt, but what's his property right in being the president of the school board? What's, what would you, how would you look at that and say, well, that's property, and that's why there's got to be notice and a hearing and things like that before you can take away that property right? Because I think that the Berger case, in the same analysis that they used in setting forth the statutory scheme of the superintendent, applies here. The, Mr. Montemurro was elected as president. The statute and the General Assembly said you shall be in that position for one year. We believe that creates a property right. It creates his right to stay there, and that's why the Buell, if I'm saying that correctly, Buell decision, when the Berger court actually said, look, we didn't look at, at that time, whether or not there was a statutory requirement on that, and that's why I'm focusing on the General Assembly. I think they created that right. I think they created that requirement. Does the Constitution, the constitutional provision, help or hurt you? The constitutional provision, I think, helps me because of the first sentence. In the same analysis in the Berger case, where they said you have to look at the first sentence, where it says that the plain language of the actual Constitution says that unless they misbehave in office, you have to keep them in there. Now, it does do a dichotomy between the appointed and the civil officers, but as they say, the legislature has a right to qualify that, and that's what they did with the superintendent, and that's what they did with Mr. Montemuro's position, too, because they said shall be for one year. So that's the qualification. So they said, hey, listen, you can remove them after one year or you can keep them, many school directors, state president, for 20 years, but in this case, when you're appointed, you have to be there, and that's the dichotomy between Berger and the Buell case. So I do believe that the Constitution of the Commonwealth of Pennsylvania does help our position because of that first sentence, and I think we fall squarely within that. I don't want to waste any more time. I do have extra time, but unless you have any other questions, I'll rest on that. Questions? Appreciate your time. Mr. Vinsco, we'll go ahead and hear from Mr. Levin on rebuttal. Thank you. One item I'd like to bring up on rebuttal is council referred to the school board policy dealing with this, and it is correct that there is language which parrots Section 404 of the school code about the one-year term, but there's also a provision later in the policy, and I believe we've quoted it in our briefs, that say that the president can be removed at the pleasure of the school board, and that, of course, was based on your decision in the second sentence of Article VI, Section 7 of the Constitution. Thank you. Okay. Thank you. We thank council for argument today. We've got the matter under advisement, and we'll look forward to receiving your letters on the direction given here today.